## Robins *against* Bellas.

If a deed of conveyance by a trustee do not recite the mode by which the sale was made, in the absence of proof, it will be presumed to have been made in the mode directed by the law under which the trustee was appointed.

The insolvent law of 1814 requires that the estate of the debtor should be sold at public sale ; a private sale of land by a trustee under this act will confer no title.

THIS was an action of ejectment by John Robins against Hugh Bellas, for three lots of ground in Sunbury. Both parties claimed under Thomas Robins. The plaintiff's title was founded upon an application of Thomas Robins for the benefit of the insolvent law of 1814. He presented his petition in 1818; was discharged, and trustees appointed. In 1822 these trustees were discharged, and J. Seitzinger and Martin Weaver were appointed, who gave bond. The plaintiff then gave in evidence a deed of the 22d of June 1829, from the trustees to John Robins the plaintiff, for the lots in dispute. The defendant claimed under a judgment against Thomas Robins, execution, levy and sale of the lots to him by the sheriff. But the court below charged the jury that, upon the evidence given by the plaintiff, admitting it all to be true, and drawing every fair inference of fact from it, the plaintiff was not entitled to recover, on the ground that a sale by a trustee under the insolvent law of 1814, must be a public sale.

*Greenough* and *Hepburn,* for plaintiff in error, contended, that the evidence in the cause did not establish any irregularity in the mode of making the sale, and even if it did, a stranger cannot take advantage of it.

*Merril,* for defendant in error, cited, *Ingraham on Insolv.* 143.

The opinion of the Court was delivered by

ROGERS, J.—It seems this case must be considered as on a de-

murrer to evidence. The court say, that upon the whole evidence exhibited in this cause, admitting it all to be true, and drawing all the inferences in favour of the plaintiff which a jury may reasonably draw, it is the opinion of the court that the plaintiff is not entitled to recover. It is necessary, then, to inquire what inference of fact the jury might have drawn from the evidence which was submitted on the part of the plaintiff; for no evidence was given by the defendant, as the court thought the plaintiff could not recover, on his own showing. The lots in dispute were the property of Thomas Robins, who assigned them, under the insolvent law of 1814, to certain trustees for the benefit of his creditors. The trustees conveyed the property to the plaintiff by the deed which has been given in evidence. In this deed it is not stated in what manner the property was sold, whether at public or private sale; but the court have assumed that it was a private sale, and one of the questions is, whether the court were warranted in doing so? I think it clear that had the fact been submitted to a jury under the plaintiff's testimony, the jury might, and perhaps would have been bound to come to a different conclusion. It was not necessary to recite in the deed that the sale was public; and where no proof, other than that which appears in the case, was given, the presumption would be, that the trustees had pursued the directions of the act, which requires that property of an insolvent debtor should be disposed of at a public sale. Thus, in general, a deed executing a power should be expressed to be in exercise of it; and this mode is pursued in every well drawn deed. But if a man having a general power of appointment, with a limitation to himself in fee in default of appointment, were to convey the estate generally, by an instrument not adapted to pass his interest (as a bargain and sale, unenrolled, or a release to a stranger, without a previous lease, for a year) and which would be totally inoperative as a conveyance of the interest, the instrument would be held to operate as an execution of the power, although the authority should not be referred to, either expressly or by implication. Sir Everard Le Clerk's case, 1 *Vent.* 214, 225; Bradish *v.* Gibbs, 3 *Johns. Ch. Rep.* 551; 2 *Dess. Ch. Rep.* 460. On the same principle, when a man has both a power and an interest, and he creates an estate which will not have an effectual continuance in point of time, if it be had out of his interest, it shall take effect by force of the power. Rogers's case, 1 *Vent.* 228; Earl of Leicester's case, 1 *Vent.* 278. The court is governed by the intention of the parties, without regard to the form of the instrument, so as to pass the whole interest the grantor has in the premises, whether derived from an appointment or in his own right. A man may, therefore, execute a power without reciting or taking the slightest notice of it. It is only necessary that he should mention the estate or interest which he disposes of. And it must appear that he has in view the things of which he has power to dispose. *Sugd. on Powers* 284. So in a sheriff's or commissioner's deed, an omission of the usual recitals would not avoid the instrument; but a

[Robins v. Bellas.]

jury would be at liberty to infer that every thing had been rightly done. In the charge the court say : " it was the duty of the trustees to proceed within twelve months after their appointment, to a public sale of the property, for the purposes of distribution. This, it is not pretended, they have done or attempted to do." It is denied by the plaintiff's counsel that any concession was made as to the manner of the sale, whether public or private ; so that as the case stands on the evidence, we are compelled to regard this part of the charge as an inference drawn by the judge from the evidence ; an inference which we think he was not at liberty to make from the facts disclosed at the trial. On this point, therefore, the judgment must be reversed ; and as this cause will go to another jury, I shall now proceed to deliver the opinion of the court on the main question in the case. The sixth section of the act of the 26th of March 1814 expressly enacts, that the trustees of an insolvent debtor shall collect the debts and sell and convey all the real and personal estate of such debtor *at public sale.* In directing the sale to be public, the legislature doubtless intended to provide, as far as legislative enactments could do, against collusion and fraud ; and this intention can be best effected by holding that a sale made in a manner different from the one pointed out by the act, is void. A public sale admits of a fair competition among creditors and others interested in the sale. It is important to the unfortunate debtor that the directions of the act, as regards the sale of his property, should be strictly pursued. The fact that a different mode is attempted, is cause of suspicion that something sinister and unfair is intended ; else why, without cause or necessity, sell at private sale ? and we cannot but regard the purchaser as partaking of the attempted fraud, as he must be aware of the departure from the direction of the act. Cases may possibly arise where creditors would not be permitted to impeach a sale after a great lapse of time ; but these would depend upon special circumstances, and will be decided as they arise. But no such circumstances exist here. It cannot be pretended that all the creditors of Thomas Robins have acquiesced in the sale ; and it would be sufficient to avoid it if one of them, or the insolvent, should object to the mode of sale. In Park *v.* Graham, trustee of Kennedy, 4 *Serg. & Rawle* 550, the court avoids deciding whether it is necessary for an insolvent debtor to execute an assignment to his trustees ; but I think it clear that under the act of 1814, an assignment is unnecessary. The interest of the trustee is the creature of the act, and in this respect it differs from cases under former insolvent acts, and voluntary assignments and trusts created by the act of the parties. The trustees under this act have no other interest in the property but such as is necessary to enable them to execute the trust according to the mode and in the manner declared in the act ; and until this be done the title still remains in them for the benefit of the creditors, with a resulting trust to the debtor. The power, therefore, which the trustees have assumed to themselves of disposing of the property by pri-

IV.——2 H

[Robins v. Bellas.]

vate sale, is not given to them, whether the act be construed according to its letter or spirit; and tends, in its consequences, to encourage collusion and fraud, which it was the intention of the legislature, by directing that the sale should be public, to prevent. In conclusion, I have to remark, that by a public sale I understand the legislature to mean a sale in pursuance of a notice, by auction or public outcry.

Judgment reversed and a *venire de novo* awarded.