E. P. HILL ET AL., EXECUTORS, v. HARRIET CONRAD.

No. 599.—Decided December 20, 1897.

**1. Power of Attorney—Execution.**

A power may be executed by an instrument which does not refer to the power itself, but it must appear from such instrument or the circumstances that its maker did in fact act under and by virtue of the power. (P. 345.)

**2. Same—Instrument not in Execution of Power.**

If it appear from the instrument itself or from the circumstances that it was not the intention of the maker to execute any power derived from another, then such instrument, though it be not effective to convey any title otherwise, can not be sustained by referring it to the power. (P. 346.)

**3. Same—Fact Case.**

B. gave W. a power of attorney to convey various tracts of land some of which he subsequently sold to W., who afterwards deeded to T. a tract included in the power of attorney but not in the conveyance from B. to him. The deed from W. did not profess to be in execution of the power, but to be his own conveyance of property which, according to its recitals, he had bought from B. Held, that it could not be sustained as an execution of the power conferred on W. by B. (Pp. 342-346.)

**4. Cases Distinguished.**

Rogers v. Bracken, 15 Texas, 564; Huffman v. Cartwright, 44 Texas, 296; Hough v. Hill, 47 Texas, 148; Link v. Page, 72 Texas, 592; Allison v. Kurtz, 2 Watts, 185; distinguished from this case. (P. 343-345.)

ERROR to the Court of Civil Appeals for the First District, in an appeal from Harris County.

E. P. Hill, Presley K. Ewing and Henry Brashear, as executors of the estate of W. R. Baker, brought suit in trespass to try title, against Harriet Conrad, to recover land in Harris County belonging to the es-state of their testator. Defendant had judgment, which plaintiffs brought by writ of error to the Court of Civil Appeals, and on its af-firmance there they obtained writ of error from the Supreme Court.

*Geo. H. Breaker*, for plaintiffs in error.—The recitations in the deed from Walton to Thompson are such as to preclude any presumption that Walton in making said deed intended to convey in his·capacity as attorney in fact for Baker, and there being no evidence that Walton had any title in his own right, the judgment should have been for plaintiffs. Huffman v. Cartwright, 44 Texas, 300; Hough v. Hill, 47 Texas, 153.

*M. Looscan*, for defendant in error.—A mistaken recital of the source of power does not invalidate the act if the power in fact existed, and a deed made by an attorney will pass the title if he in fact have the power to sell, although it (the deed) may purport, by its recitals, to be executed by virtue of a power contained in another instrument; if the attorney has the power to convey, the conveyance is binding upon the principal and conveys his title, though the conveyance be made without reference to him. Link v. Page, 72 Texas, 595; Quinlan v. Railway, 34 S. W. Rep., 746; Hough v. Hill, 47 Texas, 148; Rogers v. Bracken, 15 Texas, 564; Pope v. Davenport, 52 Texas, 220; Lumber Company v. Pinckard, 4 Texas Civ. App., 680.

BROWN, ASSOCIATE JUSTICE.—Plaintiffs in error, executors of the will of W. R. Baker, deceased, brought this suit to recover of the defendant a tract of land containing ten acres, known as lot No. 70 in the James Holman survey and, judgment having been rendered for defendant, prosecute this writ of error to reverse same.

Both parties assert title under Mosely Baker, the plaintiffs' title is a conveyance from Mosely Baker to W. R. Baker, plaintiff's testator, of date November 1, 1847, recorded September 28, 1852, which, for a recited consideration of $200, conveyed 10-acre lots 33, 54, 49, 59, 70 and 84, in the Holman survey. The defendant's title is as follows: Power of attorney of date July 9, 1845, properly acknowledged and recorded by W. R. Baker, as clerk, June 12, 1845, from Mosely Baker to John H. Walton, by which the latter, as attorney in fact for the former, was empowered "for me and in my stead to ask, demand and receive from all and every person any sum or sums of money owing or coming to me and full acquittance to give or take, and to pay any of my debts and full acquittance to give and take; also to lease, mortgage

or sell, bargain and convey, in full fee simple, any real estate that I may own, and full and complete titles in my name and stead to make and execute, and generally to do all and everything appertaining to my business that I might or could legally do." Deed from J. H. Walton to A. P. Thompson, of date——1846, recorded in Harris County by W. R. Baker, Clerk, November 18, 1846, in which William Walton, in his own name, and without any reference to Mosely Baker or a power from him, in consideration of $300, acknowledged, conveyed to Thompson 10-acre lots Nos. 49, 70 and 74 "being the same property I bought from Mosely Baker as per his deed to me on record, and by virtue of which purchase I declare myself to be the legal owner of the same and as such I bind myself, my heirs and assigns, to warrant and defend the same against any and all claims."

It was shown that Mosely Baker had, on October 7, 1845, conveyed to Walton 10-acre lots 19, 74, 87, 81, 80 and other property in the Holman survey; and had, on October 16, 1845, also conveyed to Walton 10-acre lot 49 and other property in the Holman survey, which deeds were duly recorded in Harris County by W. R. Baker, clerk, before the conveyance by Walton to Thompson. Defendant regularly deraigned title from Thompson. It was shown that lots 70 and 84 were not mentioned in the inventory of W. R. Baker's estate, nor on his land books or tax lists so far as known to the executors, and neither of the lots was claimed by the executors until this action was commenced.

In this case the trial court held as follows: "Upon the foregoing findings of facts I conclude, that it will be presumed that Walton, in his deed to Thompson above mentioned, intended to act in regard to 10-acre lot 70 in the capacity of attorney in fact for Mosely Baker under the power of attorney above mentioned, and that his deed to Thompson conveyed the interest of Mosely Baker in said lot 70; I therefore find for the defendant." The judgment of the court below was affirmed by the Court of Civil Appeals, and in an opinion delivered by Justice Williams, after citing authorities, it is said: "The rule recognized in these decisions is that if the grantor has no estate in the land which can pass by the deed, but has a power to convey the title of another, his act will be referred to his power, because the purchaser will be supposed to have bought in reliance on it. The principle has complete application here."

In Rogers v. Bracken, 15 Texas, 564, which is cited by the Court of Civil Appeals, the facts were, in brief, that Bracken made a power of attorney to A. Neil authorizing the latter to sell a certain tract of land, and A. Neil executed to him a receipt for the power of attorney, in which it was stated in substance that the object of giving the power of attorney was to compromise a certain law suit pending between Bracken and others and afterwards to sell the land so as to reserve to Bracken, clear of all costs, two thousand acres at $1.25 per acre, which Neil was authorized to dispose of by accounting for that sum. A. Neil executed a bond for title to the land in his own name, under which the plaintiff

claimed and sued for the land.   Neil made himself a party to the suit, and it was proved by the production of the receipt and other testimony that Neil sold the land under the power of attorney and for Bracken. This court held under the facts that the deed would be sustained by the power of attorney from Bracken to Neil, but in that case the sale was made under and in pursuance of a power of attorney.   In Huffman v. Cartright, 44 Texas, 296, the Supreme Court, in reviewing the case of Rogers v. Bracken, cited above, disclaimed any intention to overrule that case, but laid down what is believed to be the true rule upon the subject in the following language:   "The general rule is believed to be that the intention to bind some one else than the party signing the instrument must appear from the instrument signed.".

In Hough v. Hill, 47 Texas, 148, the deed in question purported to have been made by virtue of a certain power of attorney and was silent as to any other authority for making the deed, but there was a second power of attorney between the same parties and which authorized the sale of the same land.   This court held that the deed would be supported by the valid power of attorney although not the one recited therein, and in that case this court quoted from Robbins v. Bellas, 4 Watts, 256, as follows:   "The court is governed by the intention of the parties, without regard to the form of the instrument, so as to pass the whole interest the grantor has in the premises, whether derived from an appointment or in his own right.   A man may therefore execute a power without taking the slightest notice of it."

Link v. Page, 72 Texas, 592, was likewise a case in which two powers of attorney existed to sell the same land and in the execution of the deed the agent referred to the one which proved to be invalid, but the court held that the deed would be supported by that which was valid, although not mentioned.

In Allison v. Kurtz, 2 Watts, 185, the plaintiff, Richard Allison, who sued as trustee for his sisters, had made conveyance of the land under the following circumstances:   Robert Allison, the father, made a will in which he devised certain lands, embracing that in controversy, to four sons, two of whom—Robert and Richard—were made executors of his will which empowered them to sell the land for certain purposes expressed therein.   The testator had three daughters who survived him. Before the decease of the father the son Robert died leaving no issue. After the death of the father the three brothers assumed that they took the land as a whole under the will and proceeded to partition it among themselves, making deeds to each other in the form of deeds of bargain and sale.   The defendant in the suit claimed by regular chain of title from one of these brothers.   In making the deeds to his brothers, Richard Allison did not purport to act as executor of his father's will, but it was recited that the three brothers were the owners of the land by devise under the will.   Richard Allison, the executor, sued the defendant to recover the land set apart to one of the brothers, being a portion

of that which was inherited from the deceased brother, Robert, it being held that the legacy to Robert lapsed, and did not pass by the will, but by inheritance to his brothers and sisters equally.

In disposing of the case the court said: "The power to sell vested in Robert as surviving executor still remained in full force over all the lands. Under these circumstances the whole estate in land, legal or equitable, passed by the will to the executor. The rights of the children were only in the money to arise from the sale when effected." The court then proceeds to dispose of the case, holding that the deed of Richard Allison passed the interest that he could have sold under the will and in support of the decision cited authorities to the effect that one having an interest in land and selling under a void power will be held to have passed the interest which he owned himself. The case is disposed of as if Richard Allison was the real owner of the property, instead of being executor of the will acting under a power. In confirmation of this view of the case we quote the following from the opinion as expressing the final conclusion: "It would, we think, be the extreme of injustice if the grantor himself could, under the pretense of mistake in the form of conveyance adopted, annul his own act and take back the land after it has been paid for. The daughters are entitled to their shares, but they must look for them to the plaintiff, the executor entrusted by their father to sell, and not to an innocent purchaser from the trustee." An examination of this case will show that the court proceeded upon the theory that the title, legal and equitable, to the land, vested in Richard Allison, who also had the power to sell, and that therefore, failing to pass the title by his unauthorized act, he was held to have passed it by virtue of that which he could have done.

The rule which we deduce from the American authorities is, that a trustee or donee of a power may execute the power conferred upon him by an instrument which does not refer to the power itself, but in such case to make the execution of the power valid it must appear from the instrument or from the attending circumstances that the donee or trustee did in fact act under and by virtue of the power conferred upon him to dispose of the property in question and that it was his intention to dispose of the property in accordance with the power so conferred. If from the circumstances or the instrument executed it be doubtful as to whether it was the intention to execute the power possessed by the grantor, then it will not be held that by such act or conveyance that power was in fact executed. 2 Story's Eq. Juris., sec. 1062a; Patterson v. Wilson, 64 Md., 193; Yates v. Clark, 56 Miss., 212; Andrews v. Brumfield, 32 Miss., 107; Willard v. Ware, 10 Allen, 263; Amory v. Meredith, 7 Allen, 397; Pease v. Pilot Knob Iron Co., 49 Mo., 124; Bangs v. Smith, 98 Mass., 270; Funk v. Eggleston, 92 Ill., 515; South v. South, 91 Ind., 221; Jay v. Stein, 49 Ala., 514; Matthews v. McDade, 72 Ala., 378.

In section 1062a, 2 Story's Equity Jurisprudence, this language is used: "It is a general rule that in the execution of a power the donee of

the power must clearly show that he means to execute it, either by a reference to the power or to the subject matter of it; for if he leaves it uncertain whether the act is done in execution of the power or not, it will not be construed to be an execution of the power." Matthews v. McDade, 72 Ala., 377.

If, from the instrument itself or from the circumstances attending it, it appears that it was not the intention of the party who executed the instrument to be construed to execute any power derived from another person, then such instrument, although it will not be effective to convey any title otherwise, cannot be sustained by referring it to the power which the party actually had, but failed to exercise. Jay v. Stein, 49 Ala., 514, cited above.

The deed under consideration, in describing the land, contains this extraordinary recital: "Being the same property I bought from Mosely Baker as per his deed to me on record, and by virtue of which purchase I declare myself to be the legal owner of the same, and as such I bind myself, my heirs and assigns, to warrant and defend the same against all claims." By this language Walton repudiated the power which he had from Baker, so far as it might be applied to this land, and distinctly declares that Baker has no title to it, but that he had acquired it from Baker by purchase by virtue of which he then and there declared himself to be the legal owner; and proceeds, in unambiguous language, to bind himself, his heirs and assigns, to warrant and defend the title against all claims, which he would not have done if he had been acting for Baker and not for himself. To give this deed the effect of conveying to Thompson the title of Mosely Baker in the tract of land described, is to indulge a presumption that Walton intended to convey the title to Baker, against the positive evidence that he intended to convey his own title, and to deny that Baker had any title to the property. To give it that effect will be to convey to Thompson the title of Baker when Baker's agent had repudiated his trust, refused to execute it, and claims the property as his own, and would convey to Thompson that which he could not have expected to receive by the deed he accepted with the language quoted embraced therein, whereby he was distinctly notified that he was not buying Baker's title but the title of Walton.

The deed from Walton to Thompson was not the deed of Mosely Baker and did not have the effect to convey the title of the latter, and the District Court and Court of Civil Appeals erred in so holding.

From the conclusion of law announced by the judge who tried the case, it appears that the facts in evidence before him were not considered as to their bearing upon the question whether there might not have been a deed actually made by Baker to Walton conveying to him the land, and we do not mean to intimate that the evidence is sufficient to establish such a fact, but in the state of the record we think it proper to reverse the judgment and remand the case rather than to render judgment here, in order that the parties may present it to the court in that

light, if they should find that the evidence is such as to justify their doing so.

It is ordered that the judgments of the District Court and Court of Civil Appeals be reversed and that this cause be remanded to the District Court for further trial.

*Reversed and remanded.*