## Andrews Realty Company of New Castle v. City of New Castle et al.

*Erroll Fullerton*, for plaintiff.

*Robert White*, city solicitor, *Gilbert E. Long*, assistant city solicitor, *Robert L. Wallace*, and *William McElwee, Jr.*, county solicitor, for defendants.

BRAHAM, P. J., October 27, 1943.—This case has been brought under the Declaratory Judgments Act to determine the validity of the tax deed tendered by the City of New Castle to Andrews Realty Company. The particular point of conflict is the sufficiency of the tax title of the City of New Castle in view of a tax sale for delinquent school taxes held thereafter by the County of Lawrence at which the property was bought in by the county commissioners.

The original bill of complaint was of doubtful merit because it disclosed plaintiff and the City of New Castle to be in agreement upon the validity of the city's tax title and the County of Lawrence to be the sole real defendant. However, by an amendment filed, the posi-

tion of Andrews Realty Company, plaintiff, has been clarified. It now avers the title to be bad; the City of New Castle avers it to be good; this gives us jurisdiction.

### Findings of fact

1. Andrews Realty Company is a Pennsylvania corporation with its principal office in New Castle, Pa.

2. Defendant City of New Castle is a city of the third class; the County of Lawrence is a county of the sixth class; the School District of the City of New Castle is a school district of the second class; the Lawrence County Institution District may also be considered a defendant.

3. During and prior to the year 1930 one Isaac Cohen was the owner of certain real estate in the Second Ward of the City of New Castle, Lawrence County, Pa., described as follows: Bounded on the north by Cohen, on the east by Cohen, on the south by Norwood Avenue and on the west by Dietterle, being lot 258 in section 9 of the Official Survey, 40 feet by 209 feet.

4. City taxes for the year 1930 remaining unpaid on said property, the city treasurer of the City of New Castle advertised said land for sale on June 1, 1931. Thereafter the sale was adjourned from time to time until January 4, 1932, at which time the property was sold to the City of New Castle.

5. Confirmation of said sale was sought from the Court of Common Pleas of Lawrence County in proceedings docketed at no. 152, March term, 1932, whereupon, on March 11, 1932, the court confirmed the sale nisi, and afterward, to wit, on April 14, 1932, confirmed the same absolutely. This sale was begun under the provisions of the Act of March 30, 1903, P. L. 106, and the confirmation referred to said act.

6. On June 6, 1932, L. W. McClung, city treasurer, executed and delivered to the City of New Castle a tax deed for the premises involved, which has been recorded in Lawrence County in Treasurer's Deed Book 4, p. 251.

7. The school taxes for the years 1929 and 1930 having remained unpaid, Earl R. Wimer, Treasurer of Lawrence County, by a sale duly held sold the said lands to the Commissioners of Lawrence County. By proceedings in this court docketed at no. 35, June term, 1940, M. D., the sale was, on July 23, 1940, confirmed absolutely. The deed was recorded in Treasurer's Deed Book 6, p. 430. According to the recital this sale was made under the Act of May 29, 1931, P. L. 280, as amended.

8. The county and poor taxes for the year 1929 remaining unpaid, the said Earl R. Wimer, by a sale duly held, sold the said lands and others to the Commissioners of Lawrence County. By proceedings in this court at no. 35, June term, 1940, M. D., the sale was, on July 23, 1940, confirmed absolutely. The deed was recorded in Treasurer's Deed Book 6, p. 423. This sale also was held under the Act of May 29, 1931, P. L. 280.

9. By authority of The Third Class City Law of June 23, 1931, P. L. 932, sec. 2590, 53 PS §12198-2590, and by virtue of a general ordinance of the City of New Castle passed on December 21, 1942, and a particular resolution of the said council passed August 2, 1943, C. C. McKibben, city treasurer, advertised for sealed bids for the sale of certain real estate situate in the City of New Castle which had been purchased by the said city at a public sale held for the nonpayment of delinquent taxes and which included the lot described in finding of fact no. 3.

10. In response to said advertisement the Andrews Realty Company of New Castle, a corporation, submitted a bid for the lots advertised, including the lot described in finding of fact no. 3.

11. On August 30, 1943, the Council of the City of New Castle awarded the land to the said Andrews Realty Company of New Castle on its bid of $1,401, and directed the city solicitor to prepare a deed for

said land and directed that the same should be executed, delivered, and acknowledged by Charles B. Mayne, mayor, and C. C. McKibben, city treasurer, and attested by the city clerk.

12. After the purported sale to Andrews Realty Company by the city the County Commissioners of Lawrence County refused to strike off the tax sales to the county commissioners referred to in findings of fact nos. 7 and 8, alleging as the reason for said refusal the illegality of the proceedings by which the lands were attempted to be sold by the city to plaintiff.

13. The city tendered to plaintiff a deed for the property but plaintiff refused to accept it on the ground that good title was not conveyed thereby.

### Discussion

The first question for determination is whether the tax sale to the City of New Castle conveyed good title to the city. The sale was begun under the legislation then in effect, being the Act of March 30, 1903, P. L. 106, which authorized city treasurers of cities of the second and third classes to sell lands for taxes. The sale was advertised for June 1, 1931, but was continued without sale being made. On June 23, 1931, The Third Class City Law of 1931, P. L. 932, was adopted, which took effect September 1, 1931, and section 4701 of which repealed the Act of 1903. Not until months later, on January 4, 1932, was the property sold at the adjourned sale to the city. On March 11, 1932, the court confirmed the sale nisi and on April 14, 1932, it was confirmed absolutely.

The Third Class City Law of 1931 repealed the Act of 1903 but reënacted many of its provisions. The general rule in such cases is stated in Haspel v. O'Brien, 218 Pa. 146, 149, as follows:

" 'Where a statute is repealed and its provisions are at the same time re-enacted by the repealing act, the effect according to the great weight of authority, is

that the earlier statute is not in fact repealed, but its provisions continue in active operation, so that all the rights and liabilities incurred thereunder are preserved and may be enforced.' "

See also Erie v. Piece of Land, 339 Pa. 321, 324. This is the rule reënacted in the Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 82, 46 PS §582.

But the law must be reënacted in the same or substantially the same terms. There is one notable difference between the Act of 1903 and the Act of 1931. In section 5 of the Act of 1903 it is provided that exceptions may be filed within 10 days, which "objections or exceptions shall be confined to the regularity of the proceedings of said treasurer". Under section 2583 of The Third Class City Law of 1931, exceptions may be filed in 90 days. The scope of exceptions is greatly widened, the repealing act providing:

"Any objections or exceptions to such a sale may raise the legality of the taxes for nonpayment of which the real estate was sold or the return thereof, or the validity of the sale for the reason that the tax was actually paid, or question the regularity or legality of the proceedings of the treasurer in any respect."

There are other differences between the two acts. In 1 Bushong's Pennsylvania Land Law the author states that the provisions of the Act of May 29, 1931, P. L. 280, which are very similar to those of The Third Class City Law of June 23, 1931, P. L. 932, are "radically different from those of the Act of 1903".

The provisions of the Act of 1903 were followed throughout the sale to the city which is now in question. The Act of 1931 allowed 90 days for exceptions, yet the court confirmed the sale in 34 days. The very order of confirmation nisi refers to the Act of 1903, although that act was long since repealed. It will thus be seen that this particular sale is invalid because of failure to comply with the terms of the only act which gave the city any authority at the time of actual sale,

a ground which is fatal to the city regardless of our opinion on the question of reënactment of the Act of 1903 by the Act of 1931. As was said by Kephart,. C. J., in Gordon, etc., v. Harrisburg et al., 314 Pa. 70, 73:

"When a tax sale is commenced under a particular act of assembly, the procedure therein prescribed must be followed and under that act alone must the validity and effect of the sale be tested. Other legislation providing a different procedure or result cannot be used either to sustain such sale or secure additional rights or results. The act under which the proceeding is had must show the authority and the effect of such sale."

If the tax title be vested in the City of New Castle by virtue of the sale of January 4, 1932, and the title became absolute by failure to redeem, we must then consider the legality of the attempted sale from the city to plaintiff. This sale was pursuant to the provisions of The Third Class City Law of June 23, 1931, P. L. 932, secs. 2590, 2591, 2592, 53 PS §12198-2590, 2591, 2592, inclusive. A resolution of sale, advertisement of notice that sealed bids will be received on or before a certain date and that the bids will be opened at a stated time, and the right of council to reject all bids are the material features of the legislation.

Is this part of The Third Class City Law repealed by the Act of May 21, 1937, P. L. 787, as amended by the Act of July 29, 1941, P. L. 600, 72 PS §5878a et seq.? This is one of the main questions for our decision.

The Act of 1937, as amended in 1941, adopts procedure for the sale of tax lands entirely different from that of The Third Class City Law and repeals prior inconsistent legislation. It applies to lands purchased "for nonpayment of taxes" before or after the date of the act. It applies to all bodies having authority to buy lands for taxes, including, specifically, counties, cities, and school districts. It provides for a public hearing in court at which the propriety of the sale may

be decided. Notice must be given by publication of the proposed sale, including the total amount of taxes due and the amount for which it is proposed to sell. Furthermore, at least five days' notice must be given to each taxing authority of the time of hearing and of the material facts above recited.

In the case of Andrews Land Corporation's Appeal, 149 Pa. Superior Ct. 212, the City of Erie had bought certain lands at county treasurer's sale. After the period for redemption had expired it sought approval by the court of a private sale. The County of Erie objected that it had bought these lands for taxes before the city bought them. The Superior Court avoided the sale which had been authorized on the city's petition, holding that when one municipality buys land at tax sale it holds as trustee for other municipalities having tax liens and indicating that proceedings in court under the Act of 1937, as amended by the Act of 1941, are the appropriate ones.

The Andrews case has served a notable purpose by clarifying the obligations of the municipality buying lands at tax sale. It is a trustee for other taxing authorities having tax liens. Under sections 2590, 2591, and 2592 of The Third Class City Law no notice was required to be given to taxing authorities other than the city, no matter how large their claim, except the public notice by advertisement that bids would be received. If it be conceded that such other municipality would have the right to appear at the opening of the bids and to object to an acceptance of the bids, there was still no disinterested power to decide whether the sale should be made. The city was both interested party and judge. All this is changed by the Acts of 1937 and 1941. Recognizing the trusteeship of the municipality buying lands at tax sale, provision is made for special notice to the cestuis que trustent, namely, the other municipalities with tax claims and for the court to sit as a disinterested arbiter.

The Acts of 1937 and 1941 provide a general and universal method for private sale of tax lands; it was never the intention of the legislature to allow the city to retain its own particular method. Nor may it be argued that sale under The Third Class City Law is a public sale and that under the Acts of 1937 and 1941 a private sale. The distinguishing characteristic of a public sale is public auction outcry; sales lacking this are private sales: Robins v. Bellas, 4 Watts 255; Ex parte Keller, 185 S. C. 283, 194 S. E. 15.

Sufficient has been said to indicate our opinion that when the legislature by the Acts of 1937 and 1941 repealed all prior inconsistent legislation it intended to repeal sections 2590, 2591, and 2592 of The Third Class City Law of 1931. The later legislation introduced a new rule of general application; it was intended as a substitute for the earlier statute of less general application: Devine et al. v. John Lang Paper Co., Inc., 307 Pa. 566; Dunmore Borough Election, 299 Pa. 517.

### Conclusions of law

1. The tax sale to the City of New Castle was defective in that it was consummated after the specific repeal of the act under which it was begun and did not at all conform to the procedure laid down by the repealing act, which reënacted many of the provisions of the original act.

2. The provisions of sections 2590, 2591, and 2592 of The Third Class City Law, which authorized a sale of tax lands, were repealed by the provisions of the Act of May 21, 1937, P. L. 787, as amended by the Act of July 29, 1941, P. L. 600.

3. The title tendered by the City of New Castle to Andrews Realty Company was not good and marketable.

### Decree nisi

Now, October 27, 1943, it is adjudged that the deed tendered by the City of New Castle for the conveyance

of the property described in the bill of complaint does not convey good title. The petition is dismissed at the cost of petitioner. This decree is to become absolute unless exceptions are filed within 10 days.