IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-90-249-CV




ROBERT J. JOHNSTON, ET AL.,



 APPELLANTS


vs.





AMERICAN COMETRA, INC.,



 APPELLEE



 




FROM THE DISTRICT COURT OF SCHLEICHER COUNTY, 51ST JUDICIAL DISTRICT 



 NO. 2037A, HONORABLE ROYAL HART, JUDGE PRESIDING



 





 Appellants, working-interest owners and non-operators of the Mertz #1 gas well,
appeal the summary judgment rendered against them in their suit against American Cometra, Inc.,
the former operator of the well, for failure to make a take-or-pay claim against Lone Star Gas
Company, the purchaser of the gas produced from the well. We will affirm the summary
judgment in part, but we must reverse a part of the summary judgment involving the important
and novel issue of an operator's duties to non-operators with respect to the sale of gas. We
remand that portion of the cause to the trial court.



BACKGROUND


 In 1977 appellants entered into a Joint Operating Agreement (JOA) (1) with the
Sterling Company (whose name was later changed to Blanks Energy Corporation) under which
Sterling was designated operator, and appellants non-operators, of certain oil and gas leases in
Schleicher County, Texas. Under this JOA, the Mertz #1 gas well was successfully completed
in early 1978.

 Blanks entered into a gas purchase contract dedicating all of the gas reserves from
the Mertz #1 to Lone Star Gas Company for a period of fifteen years. Throughout the contract,
Blanks is referred to as "Seller" and Lone Star is referred to as "Buyer," even though Blanks and
his successor operators owned no interest in the well. Appellants executed division orders binding
them to sell their share of the gas in accordance with the terms of the gas purchase contract.

 The gas purchase contract contained a take-or-pay provision, obligating the buyer
to pay for a specified amount of gas at a specified price whether or not it actually took that
amount. If the buyer failed to purchase the minimum quantity within any annual period, the seller
could enforce the take-or-pay provision by giving notice to the buyer within four months after the
end of that period. The buyer then had to pay the deficiency within sixty days.

 Beginning in June 1985, and continuing until May 1988, appellee American
Cometra, Inc., replaced the bankrupt Blanks Energy Corporation as operator. During its tenure
as operator, Cometra did not attempt to enforce the take-or-pay provision of the gas purchase
agreement by making a take-or-pay claim against Lone Star on appellants' behalf.

 Appellants sued Cometra asserting several causes of action for breach of contract,
gross negligence and violation of the Deceptive Trade Practices-Consumer Protection Act
("DTPA"), Tex. Bus. & Com. Code Ann. § 17.50 (1987 & Supp. 1992). Relevant to this appeal
are the causes of action based on Cometra's failure to make a take-or-pay claim against Lone Star
and those seeking damages under the DTPA. The trial court granted summary judgment ordering
that appellants take nothing on these causes.

 On joint motion, the trial court severed the causes disposed of by summary
judgment. Thus, the partial summary judgment is final and properly before this Court. See Droste
v. Hendrick-Long Publishing Co., 573 S.W.2d 589, 590 (Tex. Civ. App. 1978, no writ).



STANDARD OF REVIEW


 In reviewing a summary judgment, this court must determine whether the movant,
Cometra, has shown that there is no genuine issue of material fact and that it is entitled to
judgment as a matter of law. Tex. R. Civ. P. Ann. 166a(c) (Supp. 1992); Nixon v. Mr. Property
Management Co., Inc., 690 S.W.2d 546, 548 (Tex. 1985). In doing so, we take as true all
evidence favoring the non-movants and indulge every inference and resolve every doubt in their
favor. Nixon, 690 S.W.2d at 548-49. When, as in this case, the summary-judgment order does
not state the specific ground upon which it was granted, the appellants must show that each of the
independent grounds alleged in the motion is insufficient to support the order. Tilotta v. Goodall,
752 S.W.2d 160, 161 (Tex. App. 1988, writ denied); McCrea v. Cubilla Condominium Corp.,
685 S.W.2d 755, 757 (Tex. App. 1985, writ ref'd n.r.e.).



TAKE-OR-PAY CAUSES


 Appellants' first point of error complains generally that the trial court erred in
granting partial summary judgment with respect to their take-or-pay causes of action. As grounds
for summary judgment on these causes, Cometra's motion advances four alternative arguments:


A. There is no take-or-pay claim.


B. Cometra had no obligation to make a take-or-pay claim on behalf of the non-operators.


C. The non-operators would not have been entitled to share or participate in any
take-or-pay settlement.


D. The non-operators have sued the wrong party.



We agree with appellants that none of these grounds is sufficient to entitle Cometra to judgment
as a matter of law.



A. Existence of Take-Or-Pay Claim

 Cometra first argues that there is no take-or-pay claim to be made because, in
addition to the take-or-pay clause, the gas purchase contract also contains a proportionate
reduction clause which provides:



Seller warrants that it owns the entire interest in the gas reserves underlying the
premises covered hereby and that Seller has the right to sell the same. Should
Seller not own such interest, then in addition to other remedies to which Buyer
may be entitled the minimum purchase obligation herein imposed on Buyer shall
be reduced to the same proportion that Seller's interest bears to the entire interest
in the gas reserves therein.



According to Cometra's reasoning, because Cometra owns no interest in the gas sold, the
proportionate reduction clause nullifies any obligation Lone Star had under the take-or-pay clause
to pay for gas not taken. Therefore, no take-or-pay claim existed that Cometra could have made
on behalf of appellants.

 Cometra's motion succeeds on this ground only if we assume that the operator acted
in its individual capacity in contracting for the sale of gas to Lone Star. However, appellants
raised a number of arguments in response to Cometra's motion, all of which are premised on the
underlying contention that the operator acted as an agent of the non-operators in contracting for
the sale. We believe a fact issue remains as to whether the operator acted in its individual
capacity or as agent of the non-operator, working-interest owners.

 The JOA gives the operator actual authority to sell gas on behalf of the working
interest owners:


In the event any party shall fail to make the arrangements necessary to take in kind
or separately dispose of its proportionate share of the oil and gas produced from
the Contract Area, Operator shall have the right, subject to the revocation at will
by the party owning it, but not the obligation, to purchase such oil and gas or sell
it to others at any time and from time to time, for the account of the non-taking
party at the best price obtainable in the area for such production.



1977 A.A.P.L. Model Form Operating Agreement art. VI.C.; See Ernest E. Smith, Gas
Marketing By Co-Owners: Disproportionate Sales, Gas Imbalances and Lessors' Claims to
Royalty, 39 Baylor L. Rev. 365, 370 (1987) ("Under the 1977 Model Form Operating Agreement
the operator . . . may act as agent and sell the gas on behalf of the nonoperators.").

 In addition, several courts have held that operators have implied authority to sell
gas on behalf of non-operators because of the industry custom to do so. See Gex v. Texas Co.,
337 S.W.2d 820, 828 (Tex. Civ. App. 1960, writ ref'd n.r.e.) (citing Wolfe v. Texas Co., 83 F.2d
425 (10th Cir. 1936); Wolfe v. Prairie Oil & Gas Co., 83 F.2d 434, 435 (10th Cir. 1936); Wolfe
v. Shell Petroleum Corp., 83 F.2d 438 (10th Cir. 1936)).

 Cometra relies on the fact that the operator purports to own the entire interest in
the gas sold under the contract. However, the authority to sell includes the authority to make the
usual warranties. See Restatement (Second) of Agency §§ 56, 63 (1958). Further, as a general
rule an agent who purports to sell his "interest" in property owned by the principal may pass title
of the principal provided it appears from the circumstances that the agent intends to act in his
capacity as agent. Hill v. Conrad, 43 S.W. 789 (Tex. 1897). The agent's intent is an issue of
fact. See Morgan v. White, 20 S.W.2d 366, 368 (Tex. Civ. App. 1929, no writ). We note that
this intent may be presumed if the agent owns no interest in the property. See J.M. Guffey
Petroleum Co. v. Hooks, 106 S.W. 690, 695 (Tex. Civ. App. 1907, writ ref'd); Hill v. Conrad,
41 S.W. 541, 542 (Tex. Civ. App.), rev'd on other grounds, 43 S.W.2d 789 (Tex. 1897). 
Accordingly, if Cometra acted as agent of the non-operators, the proportionate reduction clause
does not nullify the take-or-pay provision. Thus, Cometra's motion fails to establish conclusively
that there is no take-or-pay claim to be made under the gas purchase contract.

 If a viable take-or-pay claim existed, additional fact issues remain as to whether
Cometra had an obligation to make the claim on behalf of appellants and, if so, whether appellants
would be entitled to share in the take-or-pay settlement.



B. Cometra's Obligation to Make Take-Or-Pay Claim

 In its motion for summary judgment, Cometra asserted as its second ground that,
even if a take-or-pay claim existed, Cometra was not obligated to make the claim on behalf of
appellants because, under Texas law and the JOA, the operator and the non-operators were not
joint venturers and a fiduciary duty would be imposed on the operator only if it were a joint
venturer. Cometra further argues that Article V(A) of the JOA limits its obligations and
affirmative duties to the express terms of the JOA. Therefore, because the JOA does not impose
an express, affirmative obligation to make the take-or-pay claim, Cometra does not owe this duty
to the non-operators.

 As authority for this argument, Cometra cites a line of Texas cases in which the
operator's third-party creditors sought to hold non-operators liable on partnership, agency, and
joint-venture theories. See Ayco Dev. Corp. v. G.E.T. Serv. Co., 616 S.W.2d 184 (Tex. 1981);
Luling Oil & Gas Co. v. Humble Oil & Ref. Co., 191 S.W.2d 716 (Tex. 1945); Hamilton v. Texas
Oil & Gas Corp., 648 S.W.2d 316 (Tex. App. 1982, no writ); Youngstown Sheet and Tube Co.
v. Penn, 355 S.W.2d 239 (Tex. Civ. App.), aff'd as modified, 363 S.W.2d 230 (Tex. 1962);
Berchelmann v. Western Co., 363 S.W.2d 875 (Tex. Civ. App. 1962, writ ref'd n.r.e.); see also
Tex. Rev. Civ. Stat. Ann. art. 6132b, § 7(5) (1970) (2). These cases hold that no fiduciary
relationship exists between the operator and the non-operators, and thus third-party creditors could
not hold non-operators liable for the operator's debts.

 These cases address the relationship between the operator and third parties, and are
not dispositive of the duty issues raised by appellants' pleadings. The Model Form Operating
Agreement specifically states, "It is not the intention of the parties to create, nor shall this
agreement be construed as creating, a mining or other partnership or association, or to render the
parties liable as partners." 1977 A.A.P.L. Model Form Operating Agreement art. VII.A. The
intention of the JOA is to delegate operational and managerial control to the operator with the
intent of shielding the non-operators from liability. Texas courts have given this desired effect
to the agreement when the rights of third parties are involved. See Ernest E. Smith, Duties and
Obligations Owed by an Operator to Nonoperators, Investors, and Other Interest Owners, 32
Rocky Mtn. Min. L. Inst. 12-1, 12-7 (1986).

 The cases Cometra cites also rely on the fact that the standard operating agreement
requires the operator to secure and furnish all material, labor and services necessary for
development and operation of the leases, and does not authorize the operator to obtain material
and labor on the non-operator's credit. U.S. Truck Lines v. Texaco, Inc., 337 S.W.2d 497, 498
(Tex. Civ. App. 1960, writ ref'd); see also Luling Oil & Gas, 191 S.W.2d at 722. That situation
differs from the one at issue here, in which the operator has the authority to bind the non-operators to a contract for the sale of gas.

 Cometra's summary-judgment argument, that there is no joint venture and thus no
fiduciary duty, does not establish that it owes no duty whatsoever to appellants. Appellants' cause
is not dependent on a finding that Cometra owes a fiduciary duty to the non-operators. Under the
JOA, Cometra has a duty to perform "in a good and workmanlike manner." 1977 A.A.P.L
Model Form Operating Agreement art. V. In the context of a drilling contract, this phrase has
been interpreted to mean "as a reasonably prudent person engaged in drilling oil wells." 
Westbrook v. Watts, 268 S.W.2d 694, 697-98 (Tex. Civ. App. 1954, writ ref'd n.r.e.). 
Accordingly, Cometra's duty to appellants under the JOA would be to perform as a reasonably
prudent operator. See Smith, Operator Duties to Nonoperators, supra, at 12-20 ("The reasonable
prudent operator standard, which governs the lessee's conduct under the typical oil and gas lease
is normally assumed to govern the operator's conduct under the operating agreement also."). 
Appellants argue that a reasonably prudent operator would have made a take-or-pay claim on
behalf of the working-interest owners.

 In addition to its duty to act as a reasonably prudent operator, if Cometra acted as
agent of the non-operators in entering into the gas purchase contract, with respect to the sale of
gas Cometra owes to the non-operators all those duties owed by an agent to its principal. See
Smith, Operator Duties to Nonoperator, supra, at 12-43 ("[T]he act of selling for another implies
a principal-agent relationship."); Smith, Gas Marketing, supra, at 373, 376 ("An operator who
markets gas on behalf of nonoperators may have a duty to protect the rights of such nonoperators
in the event of disputes with gas purchasers."). The scope of Cometra's duties to appellants is
an undetermined fact issue that precludes summary judgment on Cometra's second ground. The
summary-judgment record does no more than establish that there is no joint venture between the
parties.



C. Cometra's Obligation to Share Take-Or-Pay Proceeds

 Similarly, a fact issue remains whether the scope of Cometra's duty includes the
obligation to share proceeds from the take-or-pay claim with non-operators, precluding summary
judgment on Cometra's third ground. Cometra argues that appellants would not be entitled to
share take-or-pay proceeds, citing Diamond Shamrock Exploration Corp. v. Hodel, 853 F.2d 1159
(5th Cir. 1988). In Hodel the court held that lessees were not required to pay royalties to lessors
on take-or-pay payments pursuant to a gas purchase contract. The court reasoned that lessors are
entitled to royalties only on the value of "production saved, removed or sold"--i.e., actual
production--from the leased property. Id. at 1165. Furthermore, the take-or-pay obligation is
intended to compensate the producer for the exclusive commitment of reserves to a gas sales
contract and for the risks associated with exploration, production, and development. It ensures
the producer a continuous source of revenue to cover investment. The lessee is the exclusive
bearer of these risks and expenses. Id. at 1167.

 Hodel is distinguishable from the present case in that appellants are working-interest owners who, unlike lessors, share the risk and expense of exploration, production and
development, and in this case they have committed their gas reserves exclusively to the long-term
gas purchase contract by executing division orders. Therefore, appellants are the parties whom
the take-or-pay obligation is intended to compensate. 

 Under the circumstances of this case, if Cometra acted as agent for the sale of gas,
its duties would include the duty to hold the take-or-pay amounts for the non-operators. See
Smith, Gas Marketing, supra, at 373; Restatement (Second) of Agency § 13, cmt. a (1958). Its
duty to act as a reasonably prudent operator would include the obligation to share take-or-pay
settlements with non-operators. See Reserve Oil, Inc. v. Dixon, 711 F.2d 951 (10th Cir. 1983);
Smith, Operators Duties to Nonoperators, supra, at 12-44 - 12-46 .



D. Proper Parties

 Cometra's fourth ground for summary judgment has no merit. Even if Cometra
is correct in asserting that appellants have a cause of action against Lone Star for breach of the
gas purchase contract, this does not preclude appellants from asserting a cause of action against
Cometra for breach of its duties arising out of the JOA. There is no requirement that appellants
pursue both causes of action, or pursue one cause of action before the other.

 Because Cometra has failed to meet its burden of establishing that there are no
material fact issues and that it is entitled to judgment as a matter of law on the take-or-pay causes,
we sustain appellants' first point of error.



DTPA CAUSES


 In its motion for summary judgment, Cometra asserted two grounds for summary
judgment on appellants' DTPA claims. First, Cometra argued that the appellants are not
"consumers" within the meaning of the DTPA because they did not purchase or lease Cometra's
services. In their second point of error, appellants complain that the trial court erred in holding
that they are not consumers.

 A plaintiff must be a "consumer" to have standing to maintain a private action
under the DTPA. Riverside Nat'l Bank v. Lewis, 603 S.W.2d 169, 173 (Tex. 1980); Russell v.
Hartford Casualty Ins. Co., 548 S.W.2d 737, 741 (Tex. Civ. App. 1977, writ ref'd n.r.e.). 
Section 17.45 of the DTPA defines a consumer in relevant part as "an individual, partnership,
corporation, this state, or a subdivision or agency of this state who seeks or acquires by purchase
or lease, any goods or services . . . ."

 As summary-judgment proof on this ground, Cometra attached the affidavit of
Mark Young, vice-president of Cometra. Young stated, "The bills Cometra sent to the plaintiffs
were merely to reimburse Cometra for the costs and expenses it incurred on behalf of the
plaintiffs; Cometra neither profited not attempted to profit on any aspect of its operations on the
well, . . . ." Cometra relies on Hamilton, 648 S.W.2d at 321-22, and C&C Partners v. Sun
Exploration and Production Co., 783 S.W.2d 707, 711-13 (Tex. App. 1989, writ denied), which
hold that a non-operator is not a consumer of the operator's services within the meaning of the
DTPA because the services are not "purchased" but are performed gratuitously, the non-operators
reimbursing the operator only for expenses.

 We agree with Cometra that appellants are not consumers of Cometra's services
within the meaning of the DTPA for the reasons set forth in Hamilton and C & C Partners. See
also Taylor v. GWR Operating Co., 820 S.W.2d 908, 910 (Tex. App. 1991, writ denied). 
Appellants' second point of error is overruled.

 Because of our disposition on appellants' first and second points of error, we need
not address appellants' remaining points.



COMETRA'S CROSS-POINT


 Cometra raises one cross-point complaining that the trial court erred in overruling
its objections to appellants' summary-judgment proof. Appellants offered several affidavits and
exhibits in response to Cometra's motion for summary judgment. Cometra moved to strike
portions of the affidavits and certain exhibits because they were not competent summary-judgment
evidence.

 The burden in a summary-judgment case is on the movant. When the movant is
the defendant, the non-movant's responsive evidence becomes relevant only after the movant
meets its burden to establish that there is no issue of material fact and that it is entitled to
judgment as a matter of law. See Wheeler v. Aldama-Luebbert, 707 S.W.2d 213, 215 (Tex. App.
1986, no writ). Since we hold that Cometra failed to meet its burden, we need not consider
whether the trial court erred in overruling Cometra's motion to strike appellants' responsive
evidence. We overrule Cometra's cross-point.

 We reverse the summary judgment with respect to the claims based on Cometra's
failure to make a take-or-pay claim against Lone Star and remand that portion of the cause to the
trial court. We affirm the remainder of the summary judgment.



 Marilyn Aboussie, Justice

[Before Justices Aboussie, Jones and B. A. Smith]

Affirmed in Part; Reversed and Remanded in Part

Filed: August 12, 1992

[Publish]
1. The JOA at issue in this case is based on the 1977 A.A.P.L. Form 610 Model Form
Operating Agreement.
2. Sec. 7. In determining whether a partnership exists, these rules shall apply:


. . . .


(5) Operation of a mineral property under a joint operating agreement
does not of itself establish a partnership.