**AYCO DEVELOPMENT CORPORATION et al., Petitioners,**

v.

**G. E. T. SERVICE COMPANY et al., Respondents.**

No. C–151.

Supreme Court of Texas.

May 13, 1981.

Rehearing Denied June 17, 1981.

Winstead, McGuire, Sechrest & Trimble, W. Mike Baggett, Dallas, for petitioners.

Woodruff, Fostel, Wren & Simpson, Michael A. Simpson, Bridgeport, Brooks, Tarlton, Douglas & Kressler, William O. Wuester, III, Fort Worth, Thompson & Knight, David M. Kendall, Jr., Austin, and Molly Steele Bishop, Dallas, for respondents.

PER CURIAM.

G. E. T. Service Company and three other plaintiffs filed suit to recover for supplies and services they furnished to Energy Fund of America, the independent contractor that drilled three oil wells in Hood County. The plaintiffs sued not only Energy Fund but also joined Ayco Texas Production Company, Ayco Development Corporation, James E. Conway and Christy W. Bell (hereafter call Ayco defendants). Plaintiffs joined the Ayco defendants on the theory that they were joint venturers with Energy Fund. The trial court rendered judgment against Energy Fund and ordered foreclosure of plaintiffs' liens upon Energy Fund's lease. The trial court erred, however, in granting plaintiffs' motion for instructed verdict and rendering judgment against the Ayco defendants. The court of civil appeals affirmed the judgment against Energy Fund, including the foreclosures upon the lease. That part of the court of civil appeals judgment was not appealed and it is not here disturbed. The court of civil appeals also correctly reversed the judgment against the Ayco defendants. That court erred, however, in remanding the cause instead of rendering judgment that plaintiffs take nothing against the Ayco defendants. 610 S.W.2d 833.

Pursuant to Rule 483, Texas Rules of Civil Procedure, we grant all of the parties' writs of error. Without hearing oral argument, we reverse the court of civil appeals judgment of remand and render judgment that plaintiffs take nothing against the Ayco defendants. The decision of the court of civil appeals is in conflict with *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230 (Tex.1963); *Luling Oil & Gas Co. v. Humble Oil & Refining Co.*, 144 Tex. 475, 191 S.W.2d 716 (1945); *Rucks v. Burch*, 138 Tex. 79, 156 S.W.2d 975 (1941); *Wagner Supply Co. v. Bateman*, 118 Tex. 498, 18 S.W.2d 1052 (1929); *U. S. Truck Lines v. Texaco, Inc.*, 337 S.W.2d 497 (Tex.Civ.App.—Eastland 1960, writ ref'd); *Gardner v. Wesner*, 55 S.W.2d 1104 (Tex.Civ.App.—Austin 1933, writ ref'd); *Root v. Tomberlin*, 36 S.W.2d 596 (Tex.Civ.App.—El Paso 1931, writ ref'd), and *Munsey v. Mills & Garitty*, 115 Tex. 469, 283 S.W. 754 (Tex. Comm'n App.1926, opinion adopted).[1]

■ The Ayco defendants urged in the court of civil appeals and here that, as a matter of law, they are not liable as joint venturers. We agree. A joint venture must include these four elements: a community of interest in the venture; an agreement to share profits; an agreement to share losses; and, a mutual right of control or management of the enterprise. *Coastal Plains Development Corp. v. Micrea, Inc.*, 572 S.W.2d 285 (Tex.1978); *Brown v. Cole*, 155 Tex. 624, 291 S.W.2d 704 (1956); *Luling Oil & Gas Co. v. Humble Oil & Refining Co., supra.* The Ayco defendants, by their contract with Energy Fund, were wholly excluded from participation in the drilling, operation, and control of the well. Their contract with Energy Fund was that they would pay $154,000 for a part of the costs of drilling each well. They did that. Energy Fund was the operator, and a separate but contemporaneous drilling contract designated Energy Fund as an independent contractor in drilling the well.

■ The only evidence that any of the Ayco defendants by contract could exercise or in fact did exercise any joint participation, control or operation of the mining effort was that Christy W. Bell was present on two occasions at the drill site. Visits to the mining site, as a matter of law, do not constitute proof of joint control. *Templeton v. Wolverton*, 142 Tex. 422, 179 S.W.2d 252, 256–57 (1944); *Bolding v. Camp*, 6 S.W.2d 94, 96 (Tex. Comm'n App. 1928, judgm't approved), *modified*, 7 S.W.2d 867 (Tex. Comm'n App. 1928).

We conclude that the unambiguous contracts and the proof show no more than that the Ayco defendants invested in the venture, but had and exercised no right to participate in the control or operation of the venture. The trial court should have rendered judgment for the Ayco defendants.

■ The trial court also erred in rendering judgment on an instructed verdict fixing the amount plaintiffs should recover as attorney fees. The plaintiffs acknowledged this error; and the court of civil appeals, in its order for a remand, correctly stated that the matter of attorney fees required a remand. This amount of the attorney fees owing by Energy Fund is the only part of this cause of action which needs to be retried. The transcript includes 961 pages; the statement of facts has 735 pages. Testimony was heard over a period of six days. Texas Rules of Civil Procedure 503, 434, and 320 were revised in 1975, to authorize a retrial of only those severable parts of an

---

1. *See also Kahn v. Smelting Co.*, 102 U.S. 641, 645, 26 L.Ed. 266 (1880); *Misco-United Supply, Inc. v. Petroleum Corp.*, 462 F.2d 75 (5th Cir. 1972); *Shell Petroleum Corp. v. Caudle*, 63 F.2d 296 (5th Cir. 1933); *State v. Harrington*, 407 S.W.2d 467, 477 (Tex.1966), *cert. denied*, 386 U.S. 944, 87 S.Ct. 977, 17 L.Ed.2d 874 (1967); *Barrett v. Ferrell*, 550 S.W.2d 138 (Tex.Civ. App.—Tyler 1977, writ ref'd n.r.e.); *Price v. Wrather*, 443 S.W.2d 348 (Tex.Civ.App.—Dallas 1969, writ ref'd n.r.e.); *Berchelmann v. Western Co.*, 363 S.W.2d 875 (Tex.Civ.App.—El Paso 1963, writ ref'd n.r.e.); *J. Robert Neal, Inc. v. McElveen*, 320 S.W.2d 36 (Tex.Civ.App.—Houston 1959, no writ). *See also* 4 Summers, The Law of Oil and Gas §§ 721–734 (1962); 54 Am.Jur.2d *Mines and Minerals* §§ 151–166 (1971); 38 Tex.Jur.2d *Mines and Minerals* §§ 28–31 (1962); Jones, *Problems Presented by Joint Ownership of Oil, Gas, and Other Minerals*, 32 Texas L.Rev. 697, 717–729 (1954).

action which were affected by reversible error. *See Houston Natural Gas Corp. v. Janak,* 422 S.W.2d 159 (Tex.1967); *Iley v. Hughes,* 158 Tex. 362, 311 S.W.2d 648 (1958). We regard this as an instance in which the trial court on remand needs only to retry the fact issue concerning attorney fees. Tex.R.Civ.Pro. 503.

We sever the action against the Ayco defendants from the action against Energy Fund. We affirm that part of the judgment of the court of civil appeals reversing the trial court's judgment against the Ayco defendants, but we reverse that part of the judgment which remanded the cause against them for another trial. We here render judgment that plaintiffs take nothing against Ayco Texas Production Company, Ayco Development Corporation, James E. Conway, and Christy W. Bell.

We affirm that part of the court of civil appeals judgment which reversed the trial court's judgment and ordered a remand for a retrial of the issues about attorney fees. We remand all of the severed cause against Energy Fund to the trial court, but solely for a retrial of the attorney fee issues, and the rendition thereafter of one judgment which will include the judgment against Energy Fund for the debts and foreclosure.