**Robert J. JOHNSTON, et al., Appellants,**

v.

**AMERICAN COMETRA, INC., Appellee.**

**No. 3–90–249–CV.**

Court of Appeals of Texas, Austin.

Aug. 12, 1992.

Rehearing Overruled Sept. 30, 1992.

---

Darrell G. Lochte, Richard C. Mosty, Wallace, Mosty, Machann, Jackson & Williams, Kerrville, for appellants.

Charles G. King, Scott, Douglass & Luton, Houston, for appellee.

Before ABOUSSIE, JONES and B.A. SMITH, JJ.

ABOUSSIE, Justice.

Appellants, working-interest owners and non-operators of the Mertz # 1 gas well, appeal the summary judgment rendered against them in their suit against American Cometra, Inc., the former operator of the well, for failure to make a take-or-pay claim against Lone Star Gas Company, the purchaser of the gas produced from the well. We will affirm the summary judgment in part, but we must reverse a part of the summary judgment involving the important and novel issue of an operator's duties to non-operators with respect to the sale of gas. We remand that portion of the cause to the trial court.

## BACKGROUND

In 1977 appellants entered into a Joint Operating Agreement (JOA)[1] with the Sterling Company (whose name was later changed to Blanks Energy Corporation) under which Sterling was designated operator, and appellants non-operators, of certain oil and gas leases in Schleicher County, Texas. Under this JOA, the Mertz # 1 gas well was successfully completed in early 1978.

Blanks entered into a gas purchase contract dedicating all of the gas reserves from the Mertz # 1 to Lone Star Gas Company for a period of fifteen years. Throughout the contract, Blanks is referred to as "Seller" and Lone Star is referred to as "Buyer," even though Blanks and his successor operators owned no interest in the well. Appellants executed division orders binding them to sell their share of the gas in accordance with the terms of the gas purchase contract.

The gas purchase contract contained a take-or-pay provision, obligating the buyer to pay for a specified amount of gas at a specified price whether or not it actually took that amount. If the buyer failed to purchase the minimum quantity within any annual period, the seller could enforce the take-or-pay provision by giving notice to the buyer within four months after the end of that period. The buyer then had to pay the deficiency within sixty days.

Beginning in June 1985, and continuing until May 1988, appellee American Cometra, Inc., replaced the bankrupt Blanks Energy Corporation as operator. During its tenure as operator, Cometra did not attempt to enforce the take-or-pay provision of the gas purchase agreement by making a take-or-pay claim against Lone Star on appellants' behalf.

Appellants sued Cometra asserting several causes of action for breach of contract, gross negligence and violation of the Deceptive Trade Practices–Consumer Protection Act ("DTPA"), Tex.Bus. & Com.Code Ann. § 17.50 (1987 & Supp.1992). Relevant to this appeal are the causes of action based on Cometra's failure to make a take-or-pay claim against Lone Star and those seeking damages under the DTPA. The trial court granted summary judgment ordering that appellants take nothing on these causes.

On joint motion, the trial court severed the causes disposed of by summary judgment. Thus, the partial summary judgment is final and properly before this Court. *See Droste v. Hendrick–Long Pub-*

[1]. The JOA at issue in this case is based on the 1977 A.A.P.L. Form 610 Model Form Operating Agreement.

*lishing Co.,* 573 S.W.2d 589, 590 (Tex.Civ. App.1978, no writ).

## STANDARD OF REVIEW

■ In reviewing a summary judgment, this court must determine whether the movant, Cometra, has shown that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tex.R.Civ.P.Ann. 166a(c) (Supp.1992); *Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548 (Tex.1985). In doing so, we take as true all evidence favoring the non-movants and indulge every inference and resolve every doubt in their favor. *Nixon,* 690 S.W.2d at 548–49. When, as in this case, the summary-judgment order does not state the specific ground upon which it was granted, the appellants must show that each of the independent grounds alleged in the motion is insufficient to support the order. *Tilotta v. Goodall,* 752 S.W.2d 160, 161 (Tex.App. 1988, writ denied); *McCrea v. Cubilla Condominium Corp.,* 685 S.W.2d 755, 757 (Tex.App.1985, writ ref'd n.r.e.).

## TAKE–OR–PAY CAUSES

Appellants' first point of error complains generally that the trial court erred in granting partial summary judgment with respect to their take-or-pay causes of action. As grounds for summary judgment on these causes, Cometra's motion advances four alternative arguments:

A. There is no take-or-pay claim.

B. Cometra had no obligation to make a take-or-pay claim on behalf of the non-operators.

C. The non-operators would not have been entitled to share or participate in any take-or-pay settlement.

D. The non-operators have sued the wrong party.

We agree with appellants that none of these grounds is sufficient to entitle Cometra to judgment as a matter of law.

### A. *Existence of Take–Or–Pay Claim*

■ Cometra first argues that there is no take-or-pay claim to be made because, in addition to the take-or-pay clause, the gas purchase contract also contains a proportionate reduction clause which provides:

> Seller warrants that it owns the entire interest in the gas reserves underlying the premises covered hereby and that Seller has the right to sell the same. Should Seller not own such interest, then in addition to other remedies to which Buyer may be entitled the minimum purchase obligation herein imposed on Buyer shall be reduced to the same proportion that Seller's interest bears to the entire interest in the gas reserves therein.

According to Cometra's reasoning, because Cometra owns no interest in the gas sold, the proportionate reduction clause nullifies any obligation Lone Star had under the take-or-pay clause to pay for gas not taken. Therefore, no take-or-pay claim existed that Cometra could have made on behalf of appellants.

Cometra's motion succeeds on this ground only if we assume that the operator acted in its individual capacity in contracting for the sale of gas to Lone Star. However, appellants raised a number of arguments in response to Cometra's motion, all of which are premised on the underlying contention that the operator acted as an agent of the non-operators in contracting for the sale. We believe a fact issue remains as to whether the operator acted in its individual capacity or as agent of the non-operator, working-interest owners.

The JOA gives the operator actual authority to sell gas on behalf of the working interest owners:

> In the event any party shall fail to make the arrangements necessary to take in kind or separately dispose of its proportionate share of the oil and gas produced from the Contract Area, Operator shall have the right, subject to the revocation at will by the party owning it, but not the obligation, to purchase such oil and gas or sell it to others at any time and from time to time, for the account of the non-taking party at the best price obtainable in the area for such production.

1977 A.A.P.L. Model Form Operating Agreement art. VI.C.; *See* Ernest E.

Smith, *Gas Marketing By Co–Owners: Disproportionate Sales, Gas Imbalances and Lessors' Claims to Royalty*, 39 Baylor L.Rev. 365, 370 (1987) ("Under the 1977 Model Form Operating Agreement the operator ... may act as agent and sell the gas on behalf of the nonoperators.").

In addition, several courts have held that operators have implied authority to sell gas on behalf of non-operators because of the industry custom to do so. *See Gex v. Texas Co.*, 337 S.W.2d 820, 828 (Tex.Civ.App. 1960, writ ref'd n.r.e.) (citing *Wolfe v. Texas Co.*, 83 F.2d 425 (10th Cir.1936); *Wolfe v. Prairie Oil & Gas Co.*, 83 F.2d 434, 435 (10th Cir.1936); *Wolfe v. Shell Petroleum Corp.*, 83 F.2d 438 (10th Cir.1936)).

■ Cometra relies on the fact that the operator purports to own the entire interest in the gas sold under the contract. However, the authority to sell includes the authority to make the usual warranties. *See* Restatement (Second) of Agency §§ 56, 63 (1958). Further, as a general rule an agent who purports to sell his "interest" in property owned by the principal may pass title of the principal provided it appears from the circumstances that the agent intends to act in his capacity as agent. *Hill v. Conrad*, 91 Tex. 341, 43 S.W. 789 (1897). The agent's intent is an issue of fact. *See Morgan v. White*, 20 S.W.2d 366, 368 (Tex. Civ.App.1929, no writ). We note that this intent may be presumed if the agent owns no interest in the property. *See J.M. Guffey Petroleum Co. v. Hooks*, 47 Tex.Civ. App. 560, 106 S.W. 690, 695 (1907, writ ref'd); *Hill v. Conrad*, 41 S.W. 541, 542 (Tex.Civ.App.), *rev'd on other grounds*, 91 Tex. 341, 43 S.W. 789 (1897). Accordingly, if Cometra acted as agent of the non-operators, the proportionate reduction clause does not nullify the take-or-pay provision. Thus, Cometra's motion fails to establish conclusively that there is no take-or-pay claim to be made under the gas purchase contract.

If a viable take-or-pay claim existed, additional fact issues remain as to whether Cometra had an obligation to make the claim on behalf of appellants and, if so, whether appellants would be entitled to share in the take-or-pay settlement.

### B. Cometra's Obligation to Make Take–Or–Pay Claim

■ In its motion for summary judgment, Cometra asserted as its second ground that, even if a take-or-pay claim existed, Cometra was not obligated to make the claim on behalf of appellants because, under Texas law and the JOA, the operator and the non-operators were not joint venturers and a fiduciary duty would be imposed on the operator only if it were a joint venturer. Cometra further argues that Article V(A) of the JOA limits its obligations and affirmative duties to the express terms of the JOA. Therefore, because the JOA does not impose an express, affirmative obligation to make the take-or-pay claim, Cometra does not owe this duty to the non-operators.

As authority for this argument, Cometra cites a line of Texas cases in which the operator's third-party creditors sought to hold non-operators liable on partnership, agency, and joint-venture theories. *See Ayco Dev. Corp. v. G.E.T. Serv. Co.*, 616 S.W.2d 184 (Tex.1981); *Luling Oil & Gas Co. v. Humble Oil & Ref. Co.*, 144 Tex. 475, 191 S.W.2d 716 (1945); *Hamilton v. Texas Oil & Gas Corp.*, 648 S.W.2d 316 (Tex.App.1982, no writ); *Youngstown Sheet and Tube Co. v. Penn*, 355 S.W.2d 239 (Tex.Civ.App.), *aff'd as modified*, 363 S.W.2d 230 (Tex.1962); *Berchelmann v. Western Co.*, 363 S.W.2d 875 (Tex.Civ.App. 1962, writ ref'd n.r.e.); *see also* Tex.Rev. Civ.Stat.Ann. art. 6132b, § 7(5) (1970).[2] These cases hold that no fiduciary relationship exists between the operator and the non-operators, and thus third-party creditors could not hold non-operators liable for the operator's debts.

These cases address the relationship between the operator and third parties, and are not dispositive of the duty issues raised

---

**2.** Sec. 7. In determining whether a partnership exists, these rules shall apply:

　....

(5) Operation of a mineral property under a joint operating agreement does not of itself establish a partnership.

**716**

by appellants' pleadings. The Model Form Operating Agreement specifically states, "It is not the intention of the parties to create, nor shall this agreement be construed as creating, a mining or other partnership or association, or to render the parties liable as partners." 1977 A.A.P.L. Model Form Operating Agreement art. VII.A. The intention of the JOA is to delegate operational and managerial control to the operator with the intent of shielding the non-operators from liability. Texas courts have given this desired effect to the agreement when the rights of third parties are involved. *See* Ernest E. Smith, *Duties and Obligations Owed by an Operator to Nonoperators, Investors, and Other Interest Owners,* 32 Rocky Mtn. Min.L.Inst. 12–1, 12–7 (1986).

The cases Cometra cites also rely on the fact that the standard operating agreement requires the operator to secure and furnish all material, labor and services necessary for development and operation of the leases, and does not authorize the operator to obtain material and labor on the non-operator's credit. *U.S. Truck Lines v. Texaco, Inc.,* 337 S.W.2d 497, 498 (Tex.Civ.App. 1960, writ ref'd); *see also Luling Oil & Gas,* 191 S.W.2d at 722. That situation differs from the one at issue here, in which the operator has the authority to bind the non-operators to a contract for the sale of gas.

■ Cometra's summary-judgment argument, that there is no joint venture and thus no fiduciary duty, does not establish that it owes no duty whatsoever to appellants. Appellants' cause is not dependent on a finding that Cometra owes a fiduciary duty to the non-operators. Under the JOA, Cometra has a duty to perform "in a good and workmanlike manner." 1977 A.A.P.L. Model Form Operating Agreement art. V. In the context of a drilling contract, this phrase has been interpreted to mean "as a reasonably prudent person engaged in drilling oil wells." *Westbrook v. Watts,* 268 S.W.2d 694, 697–98 (Tex.Civ.App.1954, writ ref'd n.r.e.). Accordingly, Cometra's duty to appellants under the JOA would be to perform as a reasonably prudent operator.

*See* Smith, *Operator Duties to Nonoperators, supra,* at 12–20 ("The reasonable prudent operator standard, which governs the lessee's conduct under the typical oil and gas lease is normally assumed to govern the operator's conduct under the operating agreement also."). Appellants argue that a reasonably prudent operator would have made a take-or-pay claim on behalf of the working-interest owners.

■ In addition to its duty to act as a reasonably prudent operator, if Cometra acted as agent of the non-operators in entering into the gas purchase contract, with respect to the sale of gas Cometra owes to the non-operators all those duties owed by an agent to its principal. *See* Smith, *Operator Duties to Nonoperator, supra,* at 12–43 ("[T]he act of selling for another implies a principal-agent relationship."); Smith, *Gas Marketing, supra,* at 373, 376 ("An operator who markets gas on behalf of nonoperators may have a duty to protect the rights of such nonoperators in the event of disputes with gas purchasers."). The scope of Cometra's duties to appellants is an undetermined fact issue that precludes summary judgment on Cometra's second ground. The summary-judgment record does no more than establish that there is no joint venture between the parties.

*C. Cometra's Obligation to Share Take-Or-Pay Proceeds*

■ Similarly, a fact issue remains whether the scope of Cometra's duty includes the obligation to share proceeds from the take-or-pay claim with non-operators, precluding summary judgment on Cometra's third ground. Cometra argues that appellants would not be entitled to share take-or-pay proceeds, citing *Diamond Shamrock Exploration Corp. v. Hodel,* 853 F.2d 1159 (5th Cir.1988). In *Hodel* the court held that lessees were not required to pay royalties to lessors on take-or-pay payments pursuant to a gas purchase contract. The court reasoned that lessors are entitled to royalties only on the value of "production saved, removed or sold"—i.e., actual production—from the

leased property. *Id.* at 1165. Furthermore, the take-or-pay obligation is intended to compensate the producer for the exclusive commitment of reserves to a gas sales contract and for the risks associated with exploration, production, and development. It ensures the producer a continuous source of revenue to cover investment. The lessee is the exclusive bearer of these risks and expenses. *Id.* at 1167.

*Hodel* is distinguishable from the present case in that appellants are working-interest owners who, unlike lessors, share the risk and expense of exploration, production and development, and in this case they have committed their gas reserves exclusively to the long-term gas purchase contract by executing division orders. Therefore, appellants are the parties whom the take-or-pay obligation is intended to compensate.

■ Under the circumstances of this case, if Cometra acted as agent for the sale of gas, its duties would include the duty to hold the take-or-pay amounts for the non-operators. *See* Smith, *Gas Marketing, supra*, at 373; Restatement (Second) of Agency § 13, cmt. a (1958). Its duty to act as a reasonably prudent operator would include the obligation to share take-or-pay settlements with non-operators. *See Reserve Oil, Inc. v. Dixon*, 711 F.2d 951 (10th Cir.1983); Smith, *Operators Duties to Nonoperators, supra*, at 12–44—12–46.

*D. Proper Parties*

Cometra's fourth ground for summary judgment has no merit. Even if Cometra is correct in asserting that appellants have a cause of action against Lone Star for breach of the gas purchase contract, this does not preclude appellants from asserting a cause of action against Cometra for breach of its duties arising out of the JOA. There is no requirement that appellants pursue both causes of action, or pursue one cause of action before the other.

Because Cometra has failed to meet its burden of establishing that there are no material fact issues and that it is entitled to judgment as a matter of law on the take-or-pay causes, we sustain appellants' first point of error.

## DTPA CAUSES

In its motion for summary judgment, Cometra asserted two grounds for summary judgment on appellants' DTPA claims. First, Cometra argued that the appellants are not "consumers" within the meaning of the DTPA because they did not purchase or lease Cometra's services. In their second point of error, appellants complain that the trial court erred in holding that they are not consumers.

■ A plaintiff must be a "consumer" to have standing to maintain a private action under the DTPA. *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 173 (Tex. 1980); *Russell v. Hartford Casualty Ins. Co.*, 548 S.W.2d 737, 741 (Tex.Civ.App.1977, writ ref'd n.r.e.). Section 17.45 of the DTPA defines a consumer in relevant part as "an individual, partnership, corporation, this state, or a subdivision or agency of this state who seeks or acquires by purchase or lease, any goods or services...."

■ As summary-judgment proof on this ground, Cometra attached the affidavit of Mark Young, vice-president of Cometra. Young stated, "The bills Cometra sent to the plaintiffs were merely to reimburse Cometra for the costs and expenses it incurred on behalf of the plaintiffs; Cometra neither profited not attempted to profit on any aspect of its operations on the well,...." Cometra relies on *Hamilton*, 648 S.W.2d at 321–22, and *C & C Partners v. Sun Exploration and Production Co.*, 783 S.W.2d 707, 711–13 (Tex.App.1989, writ denied), which hold that a non-operator is not a consumer of the operator's services within the meaning of the DTPA because the services are not "purchased" but are performed gratuitously, the non-operators reimbursing the operator only for expenses.

We agree with Cometra that appellants are not consumers of Cometra's services within the meaning of the DTPA for the reasons set forth in *Hamilton* and *C & C Partners. See also Taylor v. GWR Operating Co.*, 820 S.W.2d 908, 910 (Tex.App.

1991, writ denied). Appellants' second point of error is overruled.

Because of our disposition on appellants' first and second points of error, we need not address appellants' remaining points.

## COMETRA'S CROSS–POINT

Cometra raises one cross-point complaining that the trial court erred in overruling its objections to appellants' summary-judgment proof. Appellants offered several affidavits and exhibits in response to Cometra's motion for summary judgment. Cometra moved to strike portions of the affidavits and certain exhibits because they were not competent summary-judgment evidence.

The burden in a summary-judgment case is on the movant. When the movant is the defendant, the non-movant's responsive evidence becomes relevant only after the movant meets its burden to establish that there is no issue of material fact and that it is entitled to judgment as a matter of law. *See Wheeler v. Aldama–Luebbert*, 707 S.W.2d 213, 215 (Tex.App. 1986, no writ). Since we hold that Cometra failed to meet its burden, we need not consider whether the trial court erred in overruling Cometra's motion to strike appellants' responsive evidence. We overrule Cometra's cross-point.

We reverse the summary judgment with respect to the claims based on Cometra's failure to make a take-or-pay claim against Lone Star and remand that portion of the cause to the trial court. We affirm the remainder of the summary judgment.