**COBURN SUPPLY COMPANY, INC., Plaintiff,**

v.

**KOHLER COMPANY, Defendant.**

No. CIV.A. 1:00–CV–306.

United States District Court,
E.D. Texas,
Beaumont Division.

Jan. 8, 2002.

Bruce M. Partain, Peter Boyd Wells III, Wells Peyton Greenberg & Hunt, Beaumont, TX, Larry R. Veselka, Smyser Kaplan & Veselka, Houston, TX, for Plaintiff.

Don David Martinson, Joshua T. Kutchin, Fanning Harper & Martinson, Dallas, TX, for Defendant.

## MEMORANDUM OPINION and ORDER

COBB, District Judge.

Before the court is Defendant Kohler Company's Motion for Summary Judgment [Dkt # 51] and Pretrial Brief Requesting Additional Relief [Dkt # 52], and the court having reviewed the motions and responses on file is of the opinion that the Motion for Summary Judgment be GRANTED in PART and DENIED in PART and the Additional Relief Requested in the Pretrial Brief be DENIED.

Coburn Supply Company, Inc., originally filed suit in state court, but the defendant, Kohler Company removed the case to federal court. Coburn Supply on its own behalf and as assignee and/or agent of its affiliated companies filed suit against Kohler raising four claims: 1) breach of contract; 2) breach of fiduciary duty to a joint venturer; 3) breach of agreement to pay; and 4) negligent misrepresentation. The suit arises out of Kohler's decision to terminate Coburn Supply as one of its distributors. Kohler's actions brought to an end a sixty-year manufacturer/distributor relationship between the two companies.

On December 4, 2001, the court held a case management conference for this case and questioned both sides about the existence of a joint venture and the assignment of claims from the affiliated companies to Coburn Supply. The court requested additional briefing on these matters. In response to the court's request, Kohler filed this motion for summary judgment and a brief asking the court to prohibit Coburn Supply from presenting evidence regarding its affiliated companies' claims and damages and seeking to disallow the plaintiff's breach of agreement to pay claim. At this time, the court denies Kohlers requests as to all issues, except that the court finds the plaintiff's joint venture claim should be dismissed with prejudice.

A court should grant summary judgment when "there is no genuine issue as to any material fact and [ ] the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A fact is material if it might affect the outcome of a case under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine issue exists when, in the context of the entire record, a reasonable fact-finder could return a verdict for the non-movant. Lujan v. National Wildlife Federation, 497 U.S. 871, 885–86, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). The court must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment. Eastman Kodak v. Image Technical Services, 504 U.S. 451, 478, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992); Lemelle v. Universal Mfg. Corp., 18 F.3d 1268, 1272 (5th Cir. 1994). However, this favorable presumption for the non-movant exists only when the non-movant presents an actual controversy of fact. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir.1994).

In Texas, the requirements for a joint venture are: 1) a community of interest; 2) an agreement to share profits; 3) an agreement to share losses; and 4) a mutual right of control or management of the enterprise. Ayco Development Corp. v. G.E.T. Service Co., 616 S.W.2d 184, 186 (Tex.1981). Coburn Supply failed to prof-

fer any evidence demonstrating an agreement to share losses. Coburn Supply argued that Kohler agreed to share the costs of promoting Kohler products sold through Coburn Supply outlets, but sharing costs and sharing losses are not synonymous. As such, Coburn Supply failed to raise a question of material fact with regard to its breach of fiduciary duty claim and this claim should be dismissed with prejudice.

Because the court finds issues of material fact exist with regard to the other points raised by Kohler's motion for summary judgment, the court denies the remainder of the defendant's motion for summary judgment. Additionally, the court denies Kohler's requests to limit Coburn Supply's presentation of evidence regarding its affiliated companies' claims and damages and to disallow the plaintiff's claim of a breach of an agreement to pay. It is, therefore,

ORDERED, that Defendant Kohler Company's Motion for Summary Judgment is hereby GRANTED in PART and DENIED in PART. It is, further,

ORDERED, that Defendant Kohler Company's Pretrial Brief Requesting Additional Relief is hereby DENIED.

Accordingly, Coburn Supply Company, Inc.'s Breach of Fiduciary Duty to a Joint Venturer Claim is DISMISSED with PREJUDICE.