

# KEN PAXTON

### ATTORNEY GENERAL OF TEXAS

June 16, 2016

The Honorable James Keffer
Chair, Committee on Natural Resources
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. KP-0095

Re:  Whether a rental property owner's use of an online payment option that is accompanied by a convenience fee involves the imposition of a credit-card surcharge in violation of state law (RQ-0084-KP)

Dear Representative Keffer:

You ask three questions about the legality of a fee or charge imposed on a tenant who uses an online payment option to pay rent and ancillary charges to a rental property owner through a third-party vendor.[1] You question whether this fee or charge for paying online could constitute a prohibited surcharge on the use of credit or debit cards in violation of section 339.001 of the Finance Code and section 604A.002 of the Business and Commerce Code. *See* Request Letter at 1. Briefing submitted to this office indicates that the underlying matter, brought to your attention by the Texas Apartment Association ("TAA"), has already been considered and made the subject of an advisory letter by the Texas Office of Consumer Credit Commissioner ("OCCC"), the entity tasked with enforcement of Finance Code section 339.001.[2] *See* TEX. FIN. CODE § 14.101. It appears from the briefing that the controversy giving rise to your request stems from TAA's disagreement with the OCCC's interpretation that the online pricing practice at issue is not permissible. *See* TAA Brief at 3–5; OCCC Brief at 2–5.

Subsection 339.001(a) of the Finance Code prohibits a seller of goods and services from "impos[ing] a surcharge on a buyer who uses a credit card for an extension of credit instead of cash, a check, or a similar means of payment." *See* TEX. FIN. CODE § 339.001(a).[3] Noting that the

---

[1]*See* Letter and related attachment from Honorable James Keffer, Chair, House Comm. on Nat. Res., to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Dec. 17, 2015), https://www.texasattorneygeneral. gov/opinion/requests-for-opinion-rqs ("Request Letter" & "Attachment," respectively).

[2]*See* Letter from David Mintz, Vice President of Gov't Affairs, Tex. Apartment Ass'n at 1–2 (Jan. 20, 2016) ("TAA Brief"); Letter from Matthew J. Nance, Deputy Gen. Counsel, Tex. Office of Consumer Credit Comm'r at 1– 5 (Jan. 22, 2016) ("OCCC Brief") (briefs on file with the Op. Comm.).

[3]Your questions assume that the payments for rent and ancillary charges at issue are payments for goods or services, and we answer accordingly. You do not ask, and we therefore do not determine whether any specific rental payment is for goods and services.

Finance Code does not define the term "surcharge," the Fifth Circuit Court of Appeals recently construed the term for purposes of section 339.001 to be like the federal definition of surcharge: "an additional amount above the seller's regular price." *Rowell v. Pettijohn*, 816 F.3d 73, 80–82 (5th Cir. 2016) (upholding the constitutionality of Finance Code section 339.001 against First Amendment and vagueness claims). The Court undertook an extensive historical analysis of how federal law formerly allowed discounts for cash but forbid surcharges for credit. *Id.* at 76–77. After the federal prohibition on surcharges lapsed in 1984, states like Texas enacted their own anti-surcharge laws, but the law allowing cash discounts remains in effect. *Id.* at 77. The Court stated that under a plain reading, section 339.001 "forbids a merchant from imposing an extra charge for a purchase with a credit card, and is completely silent as to any other form of pricing." *Id.* at 84. For example, section 339.001 would "not forbid merchants from charging cash customers a different[] price than that charged to credit-card customers." *Id.* at 81. Instead, it would "forbid[] charging credit-card customers an additional amount *above* the regular price that is not also charged to cash customers." *Id.* (internal quotation marks omitted). Thus, section 339.001 "allows a merchant to discount and dual-price as it wishes." *Id.* (discussing the permissible practice of offering a discount for payment in cash). In other words, a seller or merchant may establish a regular price and discount for cash customers but may not establish a regular price and charge more for credit customers.

The parallel provision governing debit cards, subsection 604A.002(a) of the Business and Commerce Code, similarly prohibits a merchant from "impos[ing] a surcharge on a buyer who uses a debit or stored value card instead of cash, a check, credit card, or a similar means of payment" in a sale of goods or services. TEX. BUS. & COM. CODE § 604A.002(a); *see also id.* § 604A.001(5) (defining "surcharge" for purposes of Business and Commerce Code chapter 604A as "an increase in the price charged for goods or services imposed on a buyer who pays with a debit or stored value card that is not imposed on a buyer who pays by other means").

With regard to these statutes, you first ask:

> Whether an owner of rental property who offers an online payment option through a third-party payment processor can be deemed under Sections 339.001 and 604A.002 . . . to be a party imposing a "surcharge" when the processor remits no portion of any fee imposed to make online payments to the owner[.]

Request Letter at 1. Related to this question, you also ask:

> Whether it matters to the application of Sections 339.001 and 604A.002 . . . that a third-party vendor that provides arms-length payment processing services to a rental property owner or operator provides additional arms-length services to the owner or operator[.]

*Id.* The plain language of the two provisions you ask about prohibits a "seller" or "merchant" from imposing a surcharge on a buyer paying by credit or debit card. TEX. FIN. CODE § 339.001(a); TEX. BUS. & COM. CODE § 604A.002(a). The statute defines a merchant as "a person in the business of selling or leasing goods or services." TEX. BUS. & COM. CODE § 604A.001(3). The

scenario you describe raises the question of whether it is the owner/operator of the rental property or the third-party processor that is imposing the online payment fee. A truly arms-length arrangement would not involve the property owner imposing an additional fee and would not run afoul of the statutes because the third-party processor is a merchant charging a fee for the service of paying electronically. But if the relationship between a seller and a third-party payment processor blurs the line of autonomy between the parties, akin to a general agency or joint-venture relationship, a court could find the two parties effectively to be one and hold that the property owner would be imposing a credit-card surcharge. *See Ayco Dev. Corp. v. G. E. T. Serv. Co.*, 616 S.W.2d 184, 186 (Tex. 1981) (explaining the elements of a joint venture). Whether any given relationship between a seller and a vendor rises to a problematic level is a question of fact that cannot be addressed in an attorney general opinion. *See* Tex. Att'y Gen. Op. No. KP-0047 (2015) at 3.

In your third question, you ask:

> Whether a service fee for online payments is permitted and not a surcharge so long as it applies to all forms of online payment (credit, debit, ACH, electronic funds transfer or other electronic payment format) and does not single out credit or debit card payments[.]

Request Letter at 1. The law does not expressly address the imposition of an online convenience fee charged uniformly to all forms of electronic payment. It plainly prohibits the imposition of an extra fee for using a credit or debit card "instead of" another means of payment. TEX. FIN. CODE § 339.001(a); TEX. BUS. & COM. CODE § 604A.002(a); *see also* Tex. Att'y Gen. Op. No. GA-0951 (2012) at 2 (concluding that Finance Code subsection 339.001(a) does not prohibit a seller from charging a service fee on all consumer transactions above a threshold dollar amount, provided that the fee is not limited to the use of a credit card). But under recent Fifth Circuit precedent, this does not prohibit the practice of discounting a regular price for customers who pay with cash. *See Rowell*, 816 F.3d at 81. The answer to this question hinges on the dichotomy addressed above regarding whether the third-party vendor is separate from the owner or operator. If a third-party vendor is separate from the owner or operator and uniformly charges a fee to customers for all means of electronic payments, then the vendor has a uniform price that would not violate the surcharge statutes. If, however, a court viewed the vendor and owner or operator to be the same entity, then the seller or merchant would be charging two prices: one for electronic methods of payment and one for in-person methods of payment. The outcome would hinge on the variations of charges that would occur. For example, if there were an option for in-person payment with credit or debit card that was the same price as other in-person means of payment (and the same uniformity in pricing were true for electronic means), then there would not be a surcharge for credit or debit card payments within the meaning of the statute. Any additional pricing would be due to the *method* of payment being online, not a fee for the *means* of payment being by credit or debit card. The more difficult question arises if there is no in-person method of paying by credit or debit card. In such an arrangement, a buyer might argue she is incurring a credit-card surcharge because her only means to pay results in a higher price. But under recent Fifth Circuit precedent, the anti-

surcharge statutes do not prevent sellers or merchants from charging a regular price and discounting it for cash customers.[4] *Id.*

Briefing submitted to this office notes that the OCCC has provided guidance through an advisory bulletin regarding the credit-card surcharge prohibition and suggests that the bulletin should be given serious consideration. *See* OCCC Brief at 3; *see also* OCCC ADVISORY BULLETIN B15-2, ALTERNATIVES TO CREDIT CARD SURCHARGES (Revised June 25, 2015) ("Bulletin").[5] When a statute is vague, ambiguous, or leaves room for policy determinations, we will defer to the agency's interpretation "unless it is plainly erroneous or inconsistent with the language of the statute." *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 438 (Tex. 2011). "Deference to the agency's interpretation, however, is not conclusive or unlimited." *Id.* Deference "applies to formal opinions adopted after formal proceedings," and "the language at issue must be ambiguous." *Fiess v. State Farm Lloyds*, 202 S.W.3d 744, 747 (Tex. 2006). Because neither exists in this instance, we cannot defer to the OCCC Bulletin to provide definitive answers to the questions posed.

---

[4]Of course, such a conclusion is contingent on the seller's compliance with the requirements articulated in *Rowell*, such as making clear that the higher price is a regular price and that persons paying cash in person may receive a discount. Other variations could also occur, such as an owner or operator charging different prices for in-person payments with credit or debit cards than for cash. The validity of such methods would turn on compliance with the anti-surcharges statutes articulated in *Rowell*.

[5]*Available at* http://www.occc.texas.gov/sites/default/files/uploads/misc/b15-2-credit-card-surcharge-alternatives-6-25-15.pdf.

## S U M M A R Y

A court is likely to conclude that a fee uniformly charged to all online means of payment by an arms-length third-party vendor does not violate the surcharge prohibitions of Finance Code subsection 339.001(a) or Business and Commerce Code section 604A.002. Whether a rental property owner or operator and a third-party vendor of online payment processing services have a true arms-length relationship is a question of fact that cannot be answered in the opinion process.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

BECKY P. CASARES
Assistant Attorney General, Opinion Committee